826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James N. FLEMING, Plaintiff-Appellant,
v.
M. E. GIBSON, individually and as partner; Shelby J.
Marshall, individually and in her official capacity; Robert
Buriak, individually and in his official capacity; Thomas E.
Albro, individually and as partner; Smith, Taggart, Gibson
Albro; Lloyd T. Smith, Jr., individually and as partner;
John K. Taggart, III, individually and as partner; W.
Bedford Moore, III; Larry J. McElwain, individually and in
his official capacity, Defendant-Appellee.
 No. 86-1717
 United States Court of Appeals, Fourth Circuit.
 Submitted April 27, 1987.
Decided Aug. 14, 1987.
 
 J. Benjamin Dick, Law Offices of J. Benjamin Disk, on brief, for appellant.
 James C. Roberts, Russell V. Palmore, Jr., George A. Somerville, Mays & Valentine; Albert M. Orgain, IV, Henry M. Massie, Jr., Robert B. Delano, Jr., Sands, Anderson, Marks & Miller; Mary Sue Terry, Attorney General, James T. Moore, III, Senior Assistant Attorney General, Guy W. Horsley, Jr., Senior Assistant Attorney General, on brief, for appellees.
 Before WIDENER, JAMES DICKSON PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 James N. Fleming brought this action alleging federal claims based on 42 U.S.C. Secs. 1981, 1983, 1985 and 1986, and a state law claim for fraud, all stemming from the various defendants' roles in obtaining payment on a $233,000 letter of credit posted by him to secure an appeal bond. The district court granted the defendants' motions to dismiss and for summary judgment and entered judgment in their favor.
 
 
 2
 On appeal, Fleming argues that the defendants deprived him of his property without due process of law, in violation of 42 U.S.C. Sec. 1983. The district court twice considered this claim and on both occasions properly concluded that there was no due process violation under Hudson v. Palmer, 468 U.S. 517 (1984), and Parratt v. Taylor, 451 U.S. 527 (1981). We affirm the dismissal of this claim on the reasoning of the district court. Fleming v. Gibson, C/A No. 86-150-R (E.D.Va., Nov. 13, 1986).
 
 
 3
 Fleming also argues that the district court erroneously dismissed his case with prejudice for lack of jurisdiction. This argument is without merit. The district court disposed of all the claims raised by Fleming on the merits. Therefore its final order dismissing the case with prejudice was correct.
 
 
 4
 We grant the appellees' motion for leave to file addenda to brief. We dispense with oral argument because the dispositive issues recently have been decided authoritatively, and the facts and legal arguments are adequately presented in the briefs and record.
 
 
 5
 AFFIRMED.